UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MARCUS ANTHONY SMITH,

      Plaintiff,

v.                                                                         Case No.    8:26-cv-1504-JLB-LSG

MEDICAL STAFF, AVON PARK
C.I., *et al.*,

      Defendants.
_____/

## **ORDER**

Mr. Smith, a Florida prisoner proceeding *pro se*, initiated this cause of action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed in this action *in forma pauperis*.   (Doc. 3).   Upon review of the complaint, the Court concludes that this action must be dismissed for lack of subject matter jurisdiction.   *See* Fed. R. Civ. P. 12(h)(3) (A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction.").   *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."); *McCants v. Ala.-W. Fla. Conference of United Methodist Church, Inc.*, 372 F. App'x 39, 40 (11th Cir. 2010) (a court "must inquire into subject matter

jurisdiction *sua sponte* whenever it may be lacking") (unpublished) (per curiam) (citation omitted).

To state a claim under section 1983, a plaintiff must allege facts showing that a person, under color of state law, deprived him of a right protected under the Constitution or laws of the United States. *See Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986). And "[u]nder 28 U.S.C. § 1331, a district court has original jurisdiction of all civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331." *Johnson v. Regions Mortg.*, 2013 U.S. App. LEXIS 647, *2 (11th Cir. Jan. 10, 2013) (unpublished).

Mr. Smith alleges no violation of a right protected by the Constitution or laws of the United States. Rather, he alleges that he fractured his wrist when he tripped and fell on an uneven sidewalk. (Doc. 1 at 2). This allegation amounts to no more than negligence. S*ee, e.g., Beasley v. Anderson*, 67 F. App'x 242 (5th Cir. 2003) ("[Plaintiff's] claim regarding a slip and fall sounds in negligence, which is insufficient to allege a constitutional violation."). Therefore, because the complaint fails to allege the deprivation of a right under the United States Constitution or federal law, this Court

lacks subject matter jurisdiction over the complaint.[1]

Accordingly, it is **ORDERED** that:

1.  The complaint (Doc. 1) is **DISMISSED without prejudice** for lack

    of jurisdiction.[2]

2.  The motion for leave to proceed *in forma pauperis* (Doc. 3) is

    **DENIED** as moot.

3.  The **Clerk** is **DIRECTED** to close this case.

**DONE and ORDERED in Tampa, Florida, on May 20, 2026.**

_____

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

---

[1] *See Laurent v. Herkert*, 196 Fed. Appx. 740, 743 (11th Cir. 2006) ("In order to have subject matter jurisdiction, a district court must be able to exercise either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332."). No diversity jurisdiction exists because the parties are not citizens of different states. 28 U.S.C. § 1332(a)(1). And no federal question jurisdiction exists because the action does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[2] The dismissal is without prejudice to Mr. Smith filing a new complaint, in a new case with a new case number, that alleges a jurisdictional basis for the action.